## ORESTES H. WRIGHT, appellant, *v.* LYMAN B. BENNETT, appellee.

*Appeal from Stephenson.*

The term "owner," in the "*Act to prevent Trespassing, by cutting Timber*," means a person who has an estate in fee simple; and it is not sufficient, in an action of debt, by the owner, to recover the penalty given by the statute, for cutting trees, to allege that they were cut and carried away from the close of the plaintiff; to recover, the plaintiff must show himself the owner of the land from which the trees were cut and carried away.

The term "close," in its common acceptation, means an enclosed field; but in law it rather denotes the interest of the party in the land, whether enclosed or not. It signifies any interest which will enable the party to maintain trespass for an injury to the real property, or to the mere possession.

Where a declaration is substantially defective, and the default of the defendant is taken, and damages assessed by a jury, the judgment should be arrested, on motion of the defendant.

THIS cause was heard in the Court below, at the April term, 1841, before the Hon. Thomas C. Browne and a jury. The defendant appealed to this Court.

E. D. BAKER and A. T. BLEDSOE, for the appellant, cited 2 Chit. Plead. 865–6 ; 2 Blac. Com. 17, note ; 2 Coke 55.

O. PETERS and N. H. PURPLE, for the appellee, cited 1 Chit. Plead. 104, 159.

TREAT, Justice, delivered the opinion of the Court:

This was an action of *debt*, instituted in the Stephenson Circuit Court, by Bennett, the appellee, against Wright, the appellant. The declaration alleges that the defendant broke and entered the close of the plaintiff, and cut and carried away certain trees growing thereon, whereby an action accrued to the plaintiff, to recover the penalty imposed by the statute to prevent trespassing, by cutting timber. The default of Wright was entered, and a jury sworn, who assessed the plaintiff's damages at six cents. Wright afterwards appeared and moved in arrest of judgment, on the ground of the insufficiency of the declaration, but the Court denied the motion, and rendered judgment for the damages assessed by the jury. Wright prosecutes an appeal to this Court, and assigns several causes for error, only one of which will be considered. That assignment is, that the Court erred in denying the motion in arrest of judgment.

The statute to prevent trespassing, by cutting timber, (1) provides, that every person who shall cut, fell, box, bore, destroy, or carry away any trees standing or growing upon land belonging to any other person, without first having obtained permission so to

(1) R. L. 602; Gale's Stat. 679.

do, from the owner of such land, shall forfeit and pay for each tree a certain penalty therein named. It further provides, that the penalty may be recovered, with the costs of suit, either by action of debt, in the name and for the use of the owner of the land, or by action *qui tam*, in the name of any person who will first sue for and recover the same, one half for the use of the person so suing, and the other half for the use of the owner of the land. This is not a *qui tam* action, to recover the penalty for the use of the individual instituting the suit, and the owner of the land, but an action by the appellee, claiming the whole penalty. To recover, therefore, he must show that he is the owner of the land from which the trees were cut and carried away.

Is his ownership shown by his declaration? It alleges that the trees were cut and carried away from his close. "The term close, in its common acceptation, means an enclosed field; but in law it rather denotes the interest of the party in the land, whether enclosed or not. It signifies any interest which will enable the party to maintain trespass for an injury to real property, or to the mere possession." In such actions which may be brought as well by a person having only a possessory right, as by a person having the legal estate, the declaration alleges an injury to the plaintiff's close. (1) A party may, therefore, have a close in the land, and not have an estate in fee simple, the kind of estate the legislature no doubt intended by the term owner. This is a penal action, and the plaintiff ought clearly to show himself entitled to recover. For aught that appears in the declaration, he may only have a temporary right to the possession, while the title is in another person, or in the Government. The declaration, being substantially defective, was not aided by the verdict, and the motion in arrest of judgment should have been sustained.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*

*Note.* See Cushing *v.* Dill, 2 Scam. 461.